U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, NY 10007*

May 15, 2020

**BY EMAIL & ECF**

The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
United States Courthouse
40 Foley Square
New York, New York 10007

  Re: *United States v. Allen Barrington*, 15 Cr. 116 (ALC)

Dear Judge Carter:

  The Government writes regarding the pending motion (the "Motion") of Allen Barrington for compassionate release pursuant to 18 U.S.C. § 3582(c). In light of information the Government learned today, the Government now agrees that Mr. Barrington has administratively exhausted, as is described further below.

  In its prior opposition to the Motion, the Government informed the Court that based on its discussions with the BOP and representatives of FCI Danbury "the Government has been informed that Barrington has not filed any request for early release from confinement with the Warden of FCI Danbury or otherwise." (Govt. Opp. at 4). Prior to making this representation, the Government wrote to staff at FCI Danbury in order to inquire whether any request for release had been received by that facility from the defendant. On May 11, 2020, undersigned counsel emailed staff at FCI Danbury and inquired "[w]hether [Barrington] has filed <u>any</u> requests for release or furlough (including home confinement, furlough, or compassionate release) (we are trying to figure out if he's met the exhaustion requirement)." That same day, staff at FCI Danbury informed the Government that they had received no such request from Barrington.

  On May 14, 2020, Prior to today's telephonic conference, in light of Barrington's counsel's assertion that Barrington had filed a request on April 20, 2020, undersigned counsel again reached out to staff at FCI Danbury and stated in relevant part, "[w]e're just confirming that there was no RIS or any other request from Barrington for furlough, early release, home confinement, etc. Defendant is claiming he filed something on April 20. . . ." The Government received an email in response from staff at FCI Danbury again confirming FCI Danbury had received no such request.

  Today, following the telephonic conference, counsel for Barrington informed the Government that she had spoken with Barrington's counselor at FCI Danbury and was informed that Barrington had filed a document on April 1, 2020 that was returned to him with a notation that

he should use a different form to make such a request. Counsel for Barrington requested that the Government endeavor to obtain copies of the documents that the counselor mentioned to defense counsel so that the parties could determine whether this document constituted a request for compassionate release. The Government has now done so and annexes a copy of the documents it received as Exhibit A to this submission. The Government construes Barrington's April 1, 2020 request as a request for compassionate release in light of the language used therein. Accordingly, the Government no longer maintains that Barrington has failed to exhaust as more than 30 days have passed since the filing of this request. In addition, Exhibit A contains an April 21, 2020 "inmate request to staff" in which Barrington requests home confinement. Even if Barrington's initial April 1, 2020 request did not qualify as a proper request, by May 20, 2020, he will have exhausted in light of his April 21, 2020 request for home confinement in which he cites his obesity and the risks posed by COVID-19.

The Government regrets having previously informed the Court that Barrington had made no such request to FCI Danbury. Clearly, that information was incorrect.

The Government continues to oppose the granting of the Motion on the merits for the reasons set forth in its May 12, 2020 opposition.

Respectfully submitted,

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

By: _/s/_____
Eun Young Choi
Noah Solowiejczyk
Assistant United States Attorneys
(212) 637-2187/2473

cc: Judy Vargas, Esq. (by ECF and Email)